# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3727 | **DATE** | 10/18/2004 |
| **CASE TITLE** | Remien et al vs. EMC Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** EMC's motion (Doc 10-2) for a more definite statement is denied. Plaintiffs are granted leave to amend their complaint to withdraw Count IV, and EMC's motion (Doc 10-1) to dismiss that count is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 1 9 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 19 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TAMI REMIEN and DEBRA FLETCHER, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | 04 C 3727 |
| EMC CORPORATION, | ) ) ) | |
| Defendant. | ) | |

DOCKETED
OCT 19 2004

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motions of Defendant EMC Corporation ("EMC") to dismiss and for a more definite statement. For the reasons set forth below, Plaintiffs are granted leave to amend their complaint, thus mooting the motion to dismiss. The motion for a more definite statement is denied.

### BACKGROUND

Plaintiffs Tami Remien and Debra Fletcher (collectively referred to as "Plaintiffs") are former employees of EMC, which produces computer hardware, software, networks, and related services worldwide. EMC's workforce numbers in the

tens of thousands, and the company maintains around 100 sales offices in several states.

In brief, the complaint at issue alleges that EMC unlawfully discriminated against Remien and Fletcher because of their sex. It contends that EMC engaged in a pattern of illegal conduct with respect to Plaintiffs and a putative class of other female employees. Plaintiffs have amended their complaint once, and EMC has answered that complaint in its entirety. EMC has moved to dismiss one count that applies to Plaintiffs individually, as well as requesting a more definite statement with respect to the potential scope of the membership of the putative class.

## DISCUSSION

### A. Motion to Dismiss Count IV

First, we examine EMC's challenge to the cognizability of Count IV of the first amended complaint, which purports to state a claim for intentional infliction of emotional distress. In their response, Plaintiffs acknowledge the deficiencies in Count IV and request a Rule 41(a)(2) voluntary dismissal of that count. However, the rule they have chosen is ill-fitted for the relief they seek; by its own terms Rule 41(a) applies only to voluntary dismissal of an "action." See Berthold Types Ltd. v. Adobe Systems, Inc., 242 F.3d 772, 777 (7th Cir. 2001). As Plaintiffs want to eliminate only a single count, the proper procedural vehicle and analytic framework for their request

is found in Rule 15(a). See Loufty v. R.R. Donnelly & Sons, 148 F.R.D. 599, 602 (N.D. Ill. 1993).[1]

Rule 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." Reasons sufficient to deny leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). We do not detect any of these obstacles in the present case, and EMC has not supplied any support to the contrary. In fact, EMC does not dispute Plaintiffs' ability to eliminate Count IV; it only requests

---

[1] At least one case from our district has intimated that Seventh Circuit case law allows dismissal of less than an entire case pursuant to Rule 41. See Berthold Types Ltd. v. Adobe Systems, Inc., 155 F. Supp. 2d 887, 889 (N.D. Ill. 2001). Although at first blush, this position appears to have some merit, close reading of the cases cited dispels the notion that the Court of Appeals approves of the suggested procedure. See Chavez v. Illinois State Police, 251 F.3d 612, 654 (7th Cir. 2001). Chavez approved of the district court's use of dismissal under Rule 41 when the complaint in question had already been whittled down through operation of various other means and the dismissed counts were all that remained in the case. See Chavez v. Illinois State Police, 1999 WL 754681, at *2-*4 (N.D. Ill. Sept. 9, 1999); see also Production & Maint. Employees' Local 504 v. Roadmaster Corp., 954 F.2d 1397, 1402 (7th Cir. 1992) (approving of dismissal of remaining claims under Rule 41(a)(2) after entry of partial summary judgment). Dismissal of all claims against a particular defendant is also considered dismissal of an "action" for purposes of Rule 41(a). See Quad/Graphics, Inc. v. Fass, 724 F.2d 1230, 1233 (7th Cir. 1983). However, in a situation where (as here) the requested dismissal will not eliminate a party or have the practical effect of ending an entire case, invocation of Rule 41(a) is not appropriate.

that Plaintiffs be required to pay its fees and costs incurred in bringing the motion to dismiss, apparently as a "term and condition" of dismissal pursuant to Rule 41(a)(2). As discussed above, Rule 41(a)(2) does not apply to these circumstances, and there is no provision within Rule 15(a) that is analogous to the section of Rule 41 upon which EMC relies.[2] Justice requires that Plaintiffs be given leave to amend their complaint to withdraw Count IV, and we accordingly afford them that opportunity.

## B. Motion for a More Definite Statement

EMC's second motion targets the scope of the putative class. Initially, EMC contended that the allegations of the First Amended Complaint were vague and inconsistent in describing the class of employees potentially within its scope.

---

[2] Even if Rule 41 applied in this case, fees and costs would not be warranted. It appears somewhat fortuitous for EMC that Plaintiffs' request would fall under Rule 41(a)(2), which deals with dismissals by order of court, rather than section (a)(1), which addresses, *inter alia*, dismissal as of right. EMC's filing of an answer to Count IV contemporaneous with its motion to dismiss that count extinguished Plaintiffs' ability to dismiss as a matter of right. See Marques v. Fed. Res. Bank of Chicago, 286 F.3d 1014, 1017 (7th Cir. 2002). Were it not for this contradictory, though procedurally permissible, course of action, Plaintiffs would be requesting a voluntary dismissal as of right. Their ability to do so is unaffected by a motion to dismiss unless the motion is converted into one for summary judgment before the notice of dismissal is filed. See id. As section (a)(1) does not provide for an award of fees or costs, EMC has not sought to recover any expenses it would not have had to incur under Rule 41(a)(1). In other words, for purposes of an award of fees and costs, this case is in no different a posture than one in which no such award would even be possible, let alone equitable. As a result, we would not deem it proper to impose such a condition upon the requested dismissal.

Specifically, EMC claimed that it could not tell if the class was limited to female employees within EMC's sales and "professional services" departments or if it included every current and former female employee of EMC who allegedly suffered some form of discrimination because of their sex or retaliation for opposing the same. Plaintiffs responded, both informally and within the context of the proceedings on this motion, that the class allegations are limited to the narrower of the two alternatives.

Nevertheless, EMC asserts in its reply that Plaintiffs' response is still insufficient to allow the parties to engage in efficient and reasonable discovery efforts and continues to press for further detail pursuant to Rule 12(e). EMC misunderstands the purpose of the rule, which is to provide a remedy for a defendant faced with a pleading that is "so unintelligible that the movant cannot draft a responsive pleading," thus undermining the notice function of the complaint. See U.S. for Use of Argyle Cut Stone Co., Inc. v. Paschen Contractors, Inc., 664 F. Supp. 298, 303 (N.D. Ill. 1987). As the Paschen court aptly noted, Rule 12(e) motions do not function as substitutes for discovery, requiring a party to flesh out its preliminary assertions to the satisfaction of its opponent before the case can proceed out of the pleadings stage. See id. Out of the 82 paragraphs contained in the First Amended Complaint, EMC asserted that only 12 were vague in whole or in part. A review of the "offending" portions of the complaint reveals that, with the clarifying representations Plaintiffs have now made, the first

amended complaint is sufficient to put EMC on notice of the claims asserted against it. Thus, there is no need for relief under Rule 12(e), and the motion for a more definite statement is therefore denied.

## CONCLUSION

Based on the foregoing analysis, EMC's motion for a more definite statement is denied. Plaintiffs are granted leave to amend their complaint to withdraw Count IV, and EMC's motion to dismiss that count is denied as moot.

*Charles P. Kocoras*

Charles P. Kocoras
Chief Judge
United States District Court

Dated: OCT 1 8 2004