IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TAMI REMIEN and DEBRA FLETCHER on )
behalf of themselves and others similarly situated, )
                                                                                       )
                   Plaintiffs,                    )      No. 04-CV-3727
v.                                                )
                                                )      Judge Kocoras
EMC CORPORATION,            )
                                                )      Magistrate Schenkier
                 Defendant.             )

**DOCKETED**
**JAN 1 1 2005**

NOTICE OF MOTION

TO:  Barbara B. Brown                                  Gregory Campbell Jones
      Neal D. Mollen                                     Grippo & Elden
      Paul, Hastings, Janofsky & Walker, LLP    227 West Monroe Street
      1299 Pennsylvania Avenue, NW             Suite 3600
      10th Floor                                              Chicago, IL 60606
      Washington, DC 20004                        (312) 704-7700
      (202) 508-9565

       On the 13th day of January, 2005, at 9:30 a.m. or as soon thereafter as counsel may be heard, we shall appear before the Honorable Charles P. Kocoras, or any judge sitting in his stead, in the Courtroom usually occupied by him (Room 2548) in the Everett McKinley Dirksen Federal Building, Chicago, Illinois, and shall then and there present PLAINTIFFS' MOTION TO REFER THIS CASE TO THE MAGISTRATE JUDGE FOR DISCOVERY PURPOSES AND A SIXTY DAY STATUS HEARING, a copy of which is hereby served upon you.

                                                                         _____
                                                                         One of the attorneys for plaintiffs

Thomas R. Meites                                    Mary Stowell
Paul W. Mollica                                       Linda Friedman
Shona Glink                                              James Bryan Wood
Josie Raimond                                         Stowell & Friedman
Meites Mulder Burger & Mollica            321 South Plymouth Court
208 S. LaSalle Street, Suite 1410             Suite 1400
Chicago, IL 60604                               Chicago, IL 60604
(312) 263-0272                                     (312) 431-0888

## CERTIFICATE OF SERVICE

On January 10, 2005, undersigned Counsel served the attached NOTICE OF MOTION on:

Gregory C. Jones (*via hand delivery*)
GRIPPO & ELDEN LLC
227 West Monroe Street, Suite 3600
Chicago, IL 60606

Barbara B. Brown (*via facsimile and U.S. Mail*)
Neal D. Mollen
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1299 Pennsylvania Avenue, N.W., Tenth Floor
Washington, DC 20004

_____
Josie Raimond

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TAMI REMIEN and DEBRA FLETCHER, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 04-C-3727 |
| vs. | ) ) ) | Judge Kocoras |
| EMC CORPORATION, | ) ) | Magistrate Judge Schenkier |
| Defendant. | ) ) | |

**DOCKETED JAN 1 1 2005**

### PLAINTIFFS' MOTION TO REFER THIS CASE TO THE MAGISTRATE JUDGE FOR DISCOVERY PURPOSES AND A SIXTY DAY STATUS HEARING

Plaintiffs, by their attorneys, move the Court for a referral of this case to the magistrate judge for discovery purposes and a sixty day status hearing to update the Court on the progress of class discovery. In support of their motion, plaintiffs state:

1. The Court directed the parties to appear at a January 25, 2005 status hearing to update the Court on the progress of discovery. This is also the date listed as the discovery cut-off deadline.

2. Defendant served written discovery and in response plaintiffs produced all relevant documents. Defendant also sought the deposition of the two named plaintiffs and, in response, Tami Remien sat for deposition and agreed to permit defendant to continue her deposition on January 14, 2005. Debra Fletcher, whose father was diagnosed with terminal cancer after the filing of the lawsuit, agreed to sit for deposition on January 24, 2005.

3. On October 8, 2004, plaintiffs served written discovery and Rule 30(b)(6) deposition notices, all related to class matters. The written discovery requests, which are

attached as Exhibit A, sought data and documents relating to EMC's corporate/organizational structure, compensation, promotion and benefits systems, employment records, human resource policies and procedures, EMC's culture, and electronic and computerized data. Unlike defendant's counsel, who have unlimited access to EMC documents, data and employees, plaintiffs' counsel is reliant on the requested document and data discovery to obtain the information needed to conduct meaningful Rule 30(b)(6) depositions in areas like organizational structure, compensation practices and human resources functions. Defendant has filed excessive objections to these document requests, which are attached as Exhibit B.

4. Defendant declined to produce any documents until a protective order was entered. After extensive negotiations by the parties, on December 16, 2004, this Court entered an agreed protective order.

5. On December 28, 2004, defendant produced the first class-wide documents in this matter and indicated that additional documents would be produced on a "rolling basis." *See* Exhibit C, December 28, 2004 Letter from Barbara B. Brown to Suzanne E. Bish. These documents were received by plaintiffs' counsel on December 29, 2004. Unfortunately, less than a carton of documents were produced, despite the extensive nature of plaintiffs' document requests and the fact that defendant had almost 90 days from the date it was served with the discovery to gather documents. Moreover, defendant did not identify, either by subject area or document request, which documents were responsive to which of plaintiffs' discovery requests or in any way identify from where in the organization these documents were gathered. This complicates plaintiffs' ability to sort through and understand these documents.

6. Given these hurdles, plaintiffs' counsel are only now beginning the process of assessing the scope of the production to date and identifying which documents have not been

produced. Until plaintiffs receive the additional documents that defendant's counsel has indicated will be produced, on a rolling basis, and the parties resolve defendant's extensive objections to plaintiffs' discovery requests, the 30(b)(6) depositions noticed by plaintiffs and any other fact depositions necessary for plaintiffs to properly prepare their motion for class certification cannot be completed.

7.	Similarly, plaintiffs did not receive computerized employee/compensation data from defendant until December 30, 2004, meaning that plaintiffs have only just begun reviewing the data. After data is produced in a class case such as this, there typically follows a period in which plaintiffs' computer consultants need to contact defendant to find out the meaning of data codes, how calculations are used in the data, and work out other problems that inevitably arise in trying to understand how a company electronically maintains compensation and work histories. This can take weeks or even longer depending on the nature of the data maintained by a company. In fact, plaintiffs already have had problems initially importing and reading the data produced. (The parties are in the process of attempting to resolve these issues now. *See* Exhibit D, January 6, 2005 Letter from Shona B. Glink to Barbara B. Brown.)

8.	Moreover, before any meaningful analysis of the data can begin, plaintiffs also must take the deposition of defendant's 30(b)(6) witness on computerized data to understand fully the scope of the production, whether additional relevant data exists that has not yet been produced, how EMC's data bases are maintained and constructed and how EMC interprets its data. This deposition will be scheduled as soon as the initial data issues are resolved and plaintiffs assess the scope of the production.

9.	Given that defendant's production has just begun, and there are numerous objections to be resolved, hopefully in the next 60 days, plaintiffs suggest that rather than setting

3

a new deadline for class discovery at this time, the Court refer the case to Magistrate Judge Schenkier to oversee the discovery process and set this matter for status in 60 days, at which time the parties can report on the progress they have made and hopefully propose a joint discovery cutoff, motion and briefing schedule on the class question.

Accordingly, plaintiffs respectfully request that the Court:

(a)  Refer this case to Magistrate Judge Schenkier for discovery purposes;

(b)  Vacate the January 25, 2005 status date and set a date for status hearing 60 days from the date of the Order, during which the parties can report on the progress made in class discovery.

Respectfully submitted:

_____
One of the attorneys for plaintiffs

Mary Stowell
Linda D. Friedman
Suzanne Bish
J. Bryan Wood
STOWELL & FRIEDMAN, LTD.
321 S. Plymouth Court, Suite 1400
Chicago, IL 60604
(312)431-0888

Thomas R. Meites
Paul W. Mollica
Shona B. Glink
Josie Raimond
Meites, Mulder, Burger & Mollica
208 S. LaSalle, Suite 1410
(312)263-0272

4

## CERTIFICATE OF SERVICE

On January 10, 2005, undersigned Counsel served the attached PLAINTIFFS' MOTION TO REFER THIS CASE TO THE MAGISTRATE JUDGE FOR DISCOVERY PURPOSES AND A SIXTY DAY STATUS HEARING on:

Gregory C. Jones (*via hand delivery*)
GRIPPO & ELDEN LLC
227 West Monroe Street, Suite 3600
Chicago, IL 60606

Barbara B. Brown (*via facsimile (motion only) and U.S. Mail*)
Neal D. Mollen
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1299 Pennsylvania Avenue, N.W., Tenth Floor
Washington, DC 20004

Josie Raimond

*See Case File for Exhibits*